

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

CHRIS WHITE,                           §
                                       §
              Plaintiff,               §
                                       §
vs.                                    §   CIVIL ACTION NO.  8:04-1848-HFF
                                       §
EATON CORPORATION SHORT TERM           §
DISABILITY PLAN and EATON              §
CORPORATION LONG TERM DISABILITY       §
PLAN,                                  §
                                       §
              Defendants.              §

---

### ORDER GRANTING PLAINTIFF'S MOTION TO LIFT THE STAY ON DISCOVERY AND FINDING AS MOOT DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S LETTER

## I.    INTRODUCTION

This is an E.R.I.S.A. case.  The Court has jurisdiction over the matter pursuant to 28 U.S.C.

1331.  Pending before the Court are Plaintiff's Motion to Lift the Stay on Discovery[1] and

Defendants' Motion to Strike Plaintiff's February 1, 2005, letter to the Court.  Having carefully

considered the motions, the responses, the replies, the record, and the applicable law, it is the opinion

of this Court that Plaintiff's Motion to Lift the Stay on Discovery shall be granted and Defendants'

Motion to Strike Plaintiff's letter has been rendered moot.

---

[1]In the alternative, Plaintiff requests that the Court stay this case pending the completion of discovery in *Barry Esco v.  Eaton Corporation Long Term Disability Plan and Braodspire Services, Inc*., C/A No.: 8:04-22121-GRA.

## II.     DISCUSSION

### A.     *Plaintiff's Motion to Lift Stay on Discovery*

It is well settled that each party in a civil action is entitled to the disclosure of any and all relevant information.  Stated differently, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  Fed. R. Civ. P. 26(b)(1). Nevertheless, the Specialized Case Management Order, filed in this case on August 2, 2004, is clear. "No discovery shall be taken without permission of the court."  *Id*.  at 6.  Thus, Plaintiff prays the Court to permit limited discovery as to "(1) whether Plaintiff received a 'full and fair review' as guaranteed by 29  U.S.C.[ ] § 1133 and (2) the extent to which a 'conflict of interest' may have impacted the denial of Plaintiff's claim."  Plaintiff's Memorandum at 2.

In arguing that there might be some irregularities with the plan's claim review process, Plaintiff alleges, among other things, that (1) there has been a drastic increase in the number of recent cases against the plan, (2) at least three other courts in this circuit have found that the plan administrator's claims practices were suspect or improper, and (3) there is evidence of an altered medical record in the *Esco* case in which the same plan administrator is involved.

While it is true that the taking of discovery in E.R.I.S.A. cases is the exception, and not the rule, it appears to the Court that in situations in which there is an indication of a pattern of impropriety such that the plan may have failed to accord proper consideration to a claimant's application, then discovery is appropriate.  The Court finds that the case at bar presents such a scenario.  Therefore, for good cause shown, the Court will grant Plaintiff's Motion to Lift the Stay on Discovery.

2

B.    *Defendants' Motion to Strike*

Also before the Court is Defendants' Motion to Strike Plaintiff's February 1, 2005, letter to the Court. In that letter, among other things, Plaintiff calls the Court's attention to an Order filed by Judge Margaret Seymour. The Order concerns a motion identical to the one discussed above to which Defendants filed an identical response. The Court is of the opinion that the motion has been rendered moot with the filing of the subsequent responses and replies to which the letter in question was necessarily attached.

Even if the motion had not been rendered moot, however, it would be denied based on Defendants' failure to comply with Local Rule 7.02 DSC. That rule requires that "all motions shall contain an affirmation by the movant's counsel that prior to filing the motion he or she conferred or attempted to confer with opposing counsel and attempted in good faith to resolve the matter contained in the motion." While one might argue that the letters attached to the motion demonstrate that Defendants, in essence, complied with the rule, this Court cannot agree. Simply stated, the letters provide no evidence whatsoever that there was a good faith effort made by the parties to resolve the matter.

The Court would be remiss if it failed directly to address the issue of letters to the Court. Heretofore, it has been the custom in this district to allow counsel to send letters to the courts on a variety of issues, either by way of the postal service, hand delivery, electronic mail, or the telecopier. With the recent introduction of Case Management/Electronic Case Filing (CM/ECF or ECF), however, it appears to this Court that the more preferable means of sending such letters to the Court is by submitting them to the Clerk's Office through ECF. When submitting a letter by this means,

the sender should chose the "Notice" option.  This will ensure that, among other things, counsel for all parties receive a copy of the letter at the same time that it is submitted to the Court.

 *C.* *Civility*

As a final note, the Court is of the opinion that, perhaps, it may be beneficial briefly to address the issue of civility as it relates to this case.  In reviewing the record before it, the Court has several concerns in this regard.  In lieu of addressing each one, however, it should suffice for the Court to state that, just as this Court endeavors to treat all those who appear before it with the utmost respect, it  fully expects the parties and their counsel to relate to one another in like manner.  Simply stated, the Court will not countenance anything less.

## III. CONCLUSION

In light of the foregoing discussion, it is the judgment of this Court that Plaintiff's Motion to Lift the Stay Discovery is **GRANTED** and Defendants' Motion to Strike Plaintiff's February 1, 2005, letter to the Court is rendered **MOOT.**

 **IT IS SO ORDERED**.

Signed this 25th day of August, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

4